UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION DIVISION, | ) ) ) ) | Civil Action No. _____ |
| Petitioner, | ) ) ) | |
| v. | ) ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY | ) ) ) | |
| Defendant. | ) ) | |

### SMART-TD's PETITION TO ENFORCE PUBLIC LAW BOARD AWARDS UNDER THE RAILWAY LABOR ACT

### INTRODUCTION

1.      This is a petition to enforce two public law board ("PLB") arbitration awards

under Section 3 First(p) and Second of the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First(p)

and Second: Public Law Board No. 7569, Award No. 0031 ("Russell Award"); and PLB No.

7569 Award No. 0027 ("White Award"). Said Awards were the result of claims handled by the

International Association of Sheet Metal, Air, Rail and Transportation Workers, Transportation

Division ("SMART-TD"), on behalf of M.T. Russell and A.J. White, after they were wrongfully

dismissed from service by Norfolk Southern Railway Company ("NSR" or "the Carrier"). A true

and correct copy of the Awards are enclosed herewith as Exhibits ("Ex.") A and B.

### JURISDICTION AND VENUE

2.      Section 153 First(p) and Second of the RLA empowers federal district courts to

make such orders or to enter other judgments as may be appropriate to enforce awards and orders

of National Railroad Adjustment Boards and PLBs (hereinafter referred to collectively as the "Board").

3.      Venue properly resides in this Court under the provisions of 45 U.S.C. § 153 First(p) and Second, which permit a petitioner, or any person for whose benefit an order of the Board is made, to seek compliance in a district court in which the petitioner resides or through which the carrier operates.

## PARTIES

4.      SMART-TD is the duly authorized representative for the purposes of the RLA of the crafts or classes of train service employees employed by NSR and is a "representative" as defined by Section 1 Sixth of the RLA, 45 U.S.C. § 151 Sixth. M.T. Russell and A.J. White were, at all relevant times, employees of and engineers on NSR. They are SMART-TD members pursuant to § 2 Eleventh(c) of the RLA, 45 U.S.C. § 152 Eleventh(c), which permits them to meet the requirement of union membership in engine service by belonging to certain national labor organizations, including SMART-TD. SMART-TD is located at 6060 Rockside Woods Blvd., Ste. 325, Independence, Ohio 44131.

5.      NSR is a corporation engaged in interstate transportation by rail and is a "carrier" as defined by the RLA, 45 U.S.C. § 151 First. NSR has its principal operating office at 1200 Peachtree Street NE, Atlanta, GA 30309. NSR operates through this district.

## COUNT I

6.      Petitioner realleges and incorporates paragraphs 1 through 5 as if fully set forth herein.

7.      The facts surrounding M.T. Russell's claim before the Board are explained in detail in the Russell Award (Ex. A).

8.      In sum, NSR removed Mr. Russell from service after he allegedly failed to report for his assignment because he was evacuating his family from an impending hurricane. NSR removed Mr. Russell from service pending an investigation on August 29, 2021, and subsequently terminated him from employment by letter dated October 1, 2021.

9.      A claim was filed on Mr. Russell's behalf appealing his dismissal from service, requesting "restoration to the service with seniority unimpaired, payment of all lost time, including holiday and vacation pay, and all notations of the incident removed from his personal service record." (*Id.*). SMART-TD progressed said claim in the usual manner permitted by the collective bargaining agreement.

10.     While Mr. Russell is in engine service, which is represented by another union, under Section 3 First(j) of the RLA, 45 U.S.C. § 153 First(j), Mr. Russell is permitted to elect his representative before the Board, and he chose SMART-TD to be his representative before this Board.

11.     Upon failure of the Parties to reach an agreement, the dispute was referred to the Board as provided in Section 3 Second of the RLA, 45 U.S.C. § 153 Second.

12.     In sustaining the claim and granting the relief sought by SMART-TD, less a ten-day suspension, the Board specifically referenced the mitigating circumstances relevant to its decision:

> The Board has carefully reviewed the investigation transcript and all of the documents submitted by the parties during their on-property handling of this matter. We find that the Carrier has sustained its burden of proof. It is undisputed that Claimant did not report for his assignment. However, we also find that dismissal is excessive. There are strong mitigating circumstances in this case. A hurricane was approaching, one of the worst in our history. Claimant had a pregnant wife and two small children. He testified that the Yardmaster led him to believe that there would be not work the following day. The Yardmaster did not testify to dispute this. When this same situation had occurred the year before, Claimant had reported and

had been sent him [sic] and not paid. Under all the circumstances, this is not a stand-alone dismissible offense.

(*Id.*)

13.     The Board sustained the claim and granted the relief sought by SMART-TD, specifically ordering that NSR reinstate Mr. Russell "with backpay" and a 10-day deferred suspension. (*Id.*).

14.     The Board then ordered NSR to comply within 30 days of the date of transmission of the Russell Award to the parties.

15.     Notwithstanding the mandate of the Award and SMART-TD's requests, to date, NSR has refused to pay Mr. Russell his lost wages in accordance with the Award.

16.     Section 3 First(p) and Second of the RLA, 45 U.S.C. § 153(p) and Second, provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

## COUNT II

17.     Petitioner realleges and incorporates paragraphs 1 through 16 as if fully set forth herein.

18.     The facts surrounding A.J. White's claim before the Board are explained in detail in the White Award, a true and correct copy is attached as Exhibit B.

19.     In sum, NSR initially removed Mr. White from service via charge letter dated September 21, 2021, and terminated him via letter dated October 7, 2021.

20.     A claim was filed on Mr. White's behalf appealing his dismissal from service, requesting "restoration to the service with seniority unimpaired, payment of all lost time, including holiday and vacation pay, and all notations of the incident removed from his personal

service record." (Ex. B). SMART-TD progressed said claim in the usual manner permitted by the collective bargaining agreement.

21.     While Mr. White is in engine service, which is represented by another union, under Section 3 First(j) of the RLA, 45 U.S.C. § 153 First(j), Mr. White is permitted to elect his representative before the Board, and he chose SMART-TD to be his representative before this Board.

22.     Upon failure of the Parties to reach an agreement, the dispute was referred to the Board as provided in Section 3 Second of the RLA, 45 U.S.C. § 153 Second.

23.     By award dated January 18, 2023, the Board sustained Mr. White's claim in part, reducing the discipline of termination to a 30-day actual suspension and ordering his reinstatement.

24.     The Board then ordered NSR to comply within 30 days of the date of transmission of the White Award to the parties.

25.     Notwithstanding the mandate of the Award and SMART-TD's requests, NSR has refused to pay Mr. Russell his lost wages in accordance with the Award.

26.     Section 3 First(p) and Second of the RLA, 45 U.S.C. § 153(p) and Second, provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

**WHEREFORE,** Petitioner respectfully requests that this Court grant the following relief:

A.     Issue declaratory and injunctive relief requiring that NSR, its officers, agents, and employees comply with Public Law Board No. 7569 Award No. 0031 and PLB No. 7569 Award No. 0027, including the full payment of backpay with interest and the reinstatement of any lost benefits as ordered by the awards;

B.     Award attorneys' fees and costs to SMART-TD in accordance with 45 U.S.C. § 153 First(p) and Second; and

C.     Grant Petitioner such other and further relief, which this Court deems to be just and proper.


Respectfully submitted,

/s/ Bailey S. Scheck
Assistant General Counsel
Erika A. Diehl-Gibbons
General Counsel
SMART-Transportation Division
6060 Rockside Woods N. Suite 325
Independence, OH 44131
Tel: (216) 227-5414
bscheck@smart-union.org
ediehl@smart-union.org

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2025, I caused the foregoing to be filed in this Court's CM/ECF system. I also certify that the foregoing document is being served via the Court's CM/ECF system this day on all counsel of record.

/s/Bailey S. Scheck
Bailey S. Scheck
