# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | | |
|---|---|---|
| International Association of, Sheet Metal, Air, Rail and Transportation Workers, Transportation Division, | ) ) ) ) | CASE NO. 1:25 CV 82 |
| Petitioner, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| Norfolk Southern Railway Company, | ) ) | Memorandum of Opinion and Order |
| Respondent. | ) ) | |

## INTRODUCTION

This matter is before the Court upon respondent Norfolk Southern Railway Company's Motion for Summary Judgment or Remand (Doc. 13) and petitioner SMART-TD's Motion for Summary Judgment (Doc. 14). This a petition to enforce two public law board arbitration awards under the Railway Labor Act. For the reasons that follow, Norfolk Southern Railway Company's Motion for Summary Judgment or Remand (Doc. 13) is GRANTED IN PART and DENIED IN PART. The Court grants the alternative relief of remand, but no other requested relief. SMART-TD's Motion for Summary Judgment (Doc. 14) is DENIED.

## BACKGROUND

Petitioner, International Association of Sheet Metal, Air, Rail and Transportation Workers, Transportation Division ("SMART-TD") brought this petition against respondent Norfolk Southern Railway Company ("Norfolk Southern") to enforce two separate arbitration awards issued by

Public Law Board No. 7569 ("the Board"), in Case No. 0031 (the "Russell Award") and Case No. 0027 (the "White Award") (together, the "Awards").

Norfolk Southern is a corporation engaged in interstate transportation by rail. Norfolk Southern is a "carrier" as defined by the Railway Labor Act ("RLA"). SMART-TD is a labor organization representing Norfolk Southern's employees in the craft or class of "Conductors and Trainmen," which consists of Conductors, Brakemen and Switchmen. SMART-TD is a "representative" as defined by the RLA.

The Brotherhood of Locomotive Engineers and Trainmen ("BLET") is a labor organization that represents Norfolk Southern employees in the craft or class of Locomotive Engineers. Under the RLA, while Locomotive Engineers are governed by collective bargaining agreements between Norfolk Southern and BLET, they have the right to elect to be represented by SMART-TD in disciplinary proceedings, which both engineers elected to do for the proceedings at issue here.

### A.  The "Russell Award"

On August 28, 2021, Mr. Russell was evacuating himself and his family, including his pregnant wife, because of Hurricane Ida's impending landfall in Louisiana and, accordingly, did not report to work that day. By letter dated September 7, 2021, Norfolk Southern notified Mr. Russell of an investigation hearing for allegedly failing to protect his assignment on August 28, 2021, and dismissed him from service by letter dated October 1, 2021.

A claim was filed on Mr. Russell's behalf seeking, "restoration to the [sic] service with seniority unimpaired, payment of all lost time, including holiday and vacation time, and all notations of the incident removed from his personal service record." (Doc. 1-2, at 1.) SMART-TD progressed said claim, including through arbitration before the Board.

On January 18, 2023, the Board issued its decision, finding that the discipline assessed was excessive and reduced the discipline to a 10-day deferred suspension. The Board's "Award" section read, "[c]laim sustained in accordance with the findings. Claimant is to be reinstated with backpay, with a 10-day deferred suspension." (*Id.* at 3.)

### B.  The "White Award"

By letter dated September 21, 2021, Norfolk Southern notified Mr. White of an investigation hearing to be held on September 28, 2021, regarding his alleged failure to maintain an acceptable work record due to excessive absenteeism. Mr. White was subsequently dismissed from service by letter dated October 7, 2021.

A claim was filed on Mr. White's behalf seeking, "restoration to the [sic] service with seniority unimpaired, payment of all lost time, including holiday and vacation pay, and all notations of the incident removed from his personal service record." (Doc. 1-3, at 1.) SMART-TD progressed said claim, including through arbitration before the Board.

On January 18, 2023, the Board issued its decision, finding that the discipline assessed was excessive and reducing the discipline to a 30-day suspension. The Board's "Award" section read, "[c]laim sustained in accordance with the findings." (*Id.* at 3.)

### C.  The Parties' Dispute Over the Deduction of Interim Earnings

SMART-TD contends that despite the Awards' "clear mandates" that Norfolk Southern pay Mr. White and Mr. Russell "all lost time," Norfolk Southern has refused and instead sought to deduct each man's respective interim earnings from his backpay award. In its motion for summary judgment, SMART-TD asks this Court to enforce the "unambiguous awards" and prevent Northfork Southern from deducting any interim earnings.

In its own motion for summary judgment, Norfolk Southern offers several reasons as to why it believes that it is entitled to deduct interim earnings from the Awards, or, alternatively, why this Court is without jurisdiction to find that Norfolk Southern cannot make such deductions. Relevant to this Court's disposition of the matter, Norfolk Southern asks the Court to remand this dispute to the Board to clarify whether Norfolk Southern can deduct interim earnings from the awarded backpay.[1]

## ANALYSIS

The RLA governs labor relations in the railway industry through a "mandatory arbitral mechanism for 'the prompt and orderly settlement' . . . of disputes." *Emswiler v. CXS Transp., Inc.*, 691 F.3d 782, 785 (6th Cir. 2012) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) (quoting 45 U.S.C. § 151a)). "The RLA divides such disputes into two categories: major and minor." *Id.* "Major disputes concern the formation of collective bargaining agreements, whereas minor disputes deal with the interpretation of existing CBAs." *Id.* (citing *Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n*, 491 U.S. 299, 302–03 (1989)).

The classification of a dispute is important when establishing jurisdiction because arbitration is the "'exclusive' forum for resolving minor disputes." *NetJets Ass'n of Shared Aircraft*

---

[1] Norfolk Southern chiefly argues in its motion for summary judgment that the parties agreed through a settlement in 2023 (the "2023 Settlement Agreement") that any disputes over the deduction of interim earnings in cases such as this would be resolved in arbitration pursuant to the RLA, not through litigation. Alternatively, Norfolk Southern contends that any dispute as to whether the 2023 Settlement Agreement applies is a "minor dispute" as that term is understood in the context of the RLA, which must be resolved in arbitration.

It is not clear to this Court whether it has jurisdiction to determine whether the 2023 Settlement Agreement covers this dispute. Regardless, because the Court finds the Awards to be ambiguous and requiring remand to the Board, it need not reach the issue.

4

*Pilots v. NetJets Aviation, Inc.*, 601 F. App'x 408, 411 (6th Cir. 2015) (quoting *Int'l Bhd. of Teamsters, AFL–CIO, Teamsters Local Union No. 2727 v. United Parcel Serv. Co.*, 447 F.3d 491, 498 (6th Cir. 2006) (quoting *Pa. R.R. Co. v. Day*, 360 U.S. 548, 550 (1959))).

RLA section 153 First (m) specifies that awards issued by the Board are "final and binding." 45 U.S.C. § 153 First (m). Nonetheless, aggrieved parties may petition the district court to intervene in limited ways. First, a losing party can petition a district court to set the award aside based on, and only on, a finding that the Board violated the RLA, exceeded the scope of its jurisdiction, or committed fraud. 45 U.S.C. § 153 First (p). Second, a prevailing party may also ask the court to enforce an award if the carrier has refused to comply. 45 U.S.C. § 153 First (p). Finally, either party may ask the court to remand the award and direct further proceedings if the Board's award is incomplete or vague. *Id.* § 153 First (q); *see also id.* § 153 First (m) ("In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute.").

A district court's jurisdiction to enforce an award under the RLA is exceedingly narrow. In fact, the Supreme Court categorized it as "among the narrowest known to the law." *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978). "[T]he judicial duty to enforce an arbitration award . . . is neither a duty nor a license to interpret it." *Int'l Ass'n of Sheet, Metal, Air, Rail & Transp. Workers, Transp. Div. v. Kan. City S. Ry. Co.* ("*SMART-TD v. KCSR*"), 126 F.4th 603, 608 (8th Cir. 2025) (quoting *Bhd. Ry. Carmen Div., Transp. Commc'ns Int'l Union, AFL-CIO v. Atchison, Topeka & Santa Fe Ry. Co.*, 956 F.2d 156, 160 (7th Cir. 1992)). "When enforcing an award, a district court may not implicitly interpret a collective-bargaining agreement." *Id.* (quotation marks and citation omitted). "Instead, a district court should remand to the original arbitration panel '[i]f an arbitration

5

award is too ambiguous to be enforced, as "when the award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation."'" *Id.* (quoting *Bhd. of Locomotive Eng'rs & Trainmen v. Union Pac. R.R. Co.*, 500 F.3d 591, 592 (7th Cir. 2007) (quoting *Green v. Ameritech Corp.*, 200 F.3d 967, 977 (6th Cir. 2000))).

Here, SMART-TD asks this Court to enforce the Awards, alleging that Norfolk Southern has refused to comply with unambiguous Awards. In response, Norfolk Southern asks this Court to remand this dispute to the Board to clarify whether Norfolk Southern can deduct interim earnings from the awarded backpay.[2] SMART-TD maintains that the Awards unambiguously require Norfolk Southern to pay Mr. White and Mr. Russell for "all time lost" without deducting any interim earnings. The Awards' plain language, however, is not as clear as SMART-TD would have this Court believe.

---

[2] SMART-TD faults Norfolk Southern for not seeking clarification of the Awards before the Board and contends that "failure to raise the offset issue while the matters were pending before the Board means the argument is now waived." (Doc. 18, at 15.) This Court is not convinced. First, the cases cited by SMART-TD addressing waiver concerned issues clearly known to both parties during the arbitration, such as procedural issues. (*Id.* (citing among authority *Schneider v. S. Ry.*, 822 F.2d 22, 24 (6th Cir. 1987) (holding that employee's failure to raise before panel any issues concerning adequacy of notice he received from railroad and fairness of investigatory process in connection with his dismissal for filing false injury report waived any procedural defects)).) The record before this Court does not suggest Norfolk Southern was plainly on notice that there would be a dispute over this issue during the arbitration proceedings. (*See id.* (citing *Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 938 F. Supp. 2d 555, 563 n.9 (W.D. Penn. Apr. 2, 2013) ("This Court does not believe that it must decide here whether as a blanket rule, a party that fails to bring an argument before an arbitrator always has irrevocably waived it for all time. What is clear is that the USPS had the opportunity to address [the issue], and did not do so. . . [and] USPS was plainly on notice that it needed to[.]"))).) Second, while it is true Norfolk Southern had not returned to the Board seeking a clarification, it was SMART-TD who opted to file this suit seeking enforcement, instead of seeking clarification before the Board. Even so, the RLA allows either party to ask the court to remand the award and direct further proceedings if the Board's award is incomplete or vague. 45 U.S.C. § 153 First (q).

As an initial matter, neither award makes any reference to the treatment of interim earnings. The Russell Award concludes "[c]laim sustained in accordance with the findings. Claimant is to be reinstated with backpay, with a 10-day deferred suspension[,]" while the White Award only concludes "[c]laim sustained in accordance with the findings."

SMART-TD seemingly contends that the Awards' statement of "[c]laim sustained in accordance with the findings," demonstrates that the Board intended to adopt the claims, as requested. But even if the Board did intend to adopt the claims as written—and it is not clear from the language of the Awards that this is true[3]—it is not clear whether those claims prevent Norfolk Southern from deducting interim earnings. Neither claim asks for backpay without the deduction of interim earnings. Cf. Bhd. of Locomotive Eng'rs & Trainmen v. BNSF Ry. Co. ("BLET v. BNSF"), 549 F. App'x 780, (10th Cir. 2013) (finding that award of "Claim sustained" unambiguously adopted claim in full and disallowed offsets from backpay where the claim explicitly defined the claim as seeking backpay "without deduction of outside earnings"). Instead, both awards ask for "payment of all time lost." "All lost time" could reasonably be interpreted, as SMART-TD submits, to mean all backpay, without any deductions. See, e.g., Smith v. BNSF Ry. Co., 2016 WL 11848500,

---

[3] Both Mr. White's and Mr. Russell's claims sought "restoration to the service . . . and all notations of the incident removed from [their] personal service record[s]." (Doc. 1-2, at 1; 1-3, at 1.) Although the Board concluded that Mr. White's "[c]laim [is] sustained in accordance with the findings," part of its findings noted that Mr. White should be "returned to the fourth step of the attendance discipline progression, with a 30-day actual suspension." (Doc. 1-3, at 2.) Similarly, the Russell Award included a 10-day deferred suspension. It is not clear if these findings affect the claims as written. See Smith v. BNSF Ry. Co., 2016 WL 11848500, at *4 (N.D. Ill. Aug. 15, 2016) (finding awards ambiguous as to whether an offset applies to backpay where "there was no explanation of what parts of the claim were sustained, no specific statement about the remedy, and no evaluation of the parties' positions on the backpay issue").

at *4 (N.D. Ill. Aug. 15, 2016) (finding the award ambiguous but noting that it was "a close call, because there is also a sensible textual argument that the Board must have rejected the offset"). Or, it could reasonably be interpreted, as Norfolk Southern contends, to mean an amount to make the employee whole (*i.e.*, "lost" income). (Doc. 13-2 ¶ 23 (citing Norfolk Southern Ry. Co and Brotherhood of Ry. Carmen, PLB No. 6119, Award No. 3 (Dec. 8, 1998)).)

SMART-TD argues that the Awards' silence on offsets means none are permitted. Contrary to SMART-TD's assertion, there is no "longstanding principle . . . consistently applied time and time again" in RLA cases that "silence on offsets means none are permitted."[4] (Doc. 20, at 3–4.) While some courts have taken the position that silence in RLA arbitration awards unambiguously means no offsets were intended, other courts have rejected that position.[5] *See United Transp. Union*, 2014 WL 1612670, at *5 (enforcing an award of "pay for time lost" as unambiguously requiring backpay without offsets); *but see Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers*

---

[4] Most of the cases SMART-TD cites as support for this assertion did not involve a dispute under the RLA, which has an explicit and mandatory remedy for clarifying awards. *See* 45 U.S.C. § 153 First (m). Of the two RLA cases cited by SMART-TD, one cited case law outside the RLA framework, without any consideration for the court's limited jurisdiction to interpret RLA awards or the RLA's specific arbitrational remedy for clarifying awards, *Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers – Transp. Div. v. Union Pac. R.R. Co.*, 2022 WL 832640 (N.D. Ill. March 21, 2022) ("*SMART-TD v. UP*"), and the other stretched RLA caselaw despite an explicit warning to the contrary. *Compare United Transp. Union v. Union R.R. Co.*, 2014 WL 1612670 (W.D. Pa. Apr. 22, 2014) (citing *BLET v. BNSF*, 549 F. App'x at 785), *with BLET v. BNSF*, 925 F. Supp. 2d 1252, 1256 (D. Wyo. 2013), *aff'd* 549 F. App'x 780 (10th Cir. 2013) ("The Court's holding is a narrow one and should not be misunderstood. The Court holds that if a Board order defines a claim, the definition precludes offsetting a back pay award, and the award section states only 'claim sustained,' then the order unambiguously prohibits an offset. Had the Board's order stated in its award section only that [the employee] was to be 'made whole' or compensated for 'time lost,' the result in this case might well have been different.").

[5] The Court is unaware of any Sixth Circuit decision addressing this issue.

8

*v. Rapid City, Pierre & E.R.R.*, 2025 WL 392423, at \*3–4 (D. Minn. Feb. 4, 2025) (rejecting SMART-TD's argument that "silence as to any offsets still allows the Court to enforce the award according to its terms" (citing *Ord. of R. R. Conductors & Brakemen v. Erie Lackawanna R. Co.*, 302 F. Supp. 1196, 1197, 1200 (N.D. Ohio 1969) (remanding back to the NRAB for clarification on offsets when it awarded reinstatement "with payment for time lost"))).

Further underscoring how unsettled this question is—and by virtue of how unclear the plain language of the Awards actually is—both sides were able to find factually similar cases with dispositions that support their respective positions. *Compare SMART-TD v. UP*, 2022 WL 832640, at \*4 (finding award that sustained a claim for "compensation for all lost time" unambiguously did not allow offsets for interim earnings), *with Smith*, 2016 WL 11848500, at \*5 (remanding case to the Board for further interpretation of whether the ambiguous awards include backpay offsets).

Ultimately, given this Court's "exceedingly narrow" jurisdiction to enforce awards under the RLA,[6] it elects to follow the lead of other courts that have been careful to enforce an award only when it is truly unambiguous. *E.g.*, *Smith*, 2016 WL 11848500, at \*5 ("[C]ourts should be careful to enforce an award only when it is truly unambiguous. Otherwise, courts would cross the line from *enforcing* the award to *modifying* the award by binding the parties to an interpretation not contemplated by the Board."); *see also SMART-TD v. KCSR*, 126 F.4th at 608 ("Balancing the tension of the district court's power to enforce RLA awards and the Board's power to interpret those awards, federal courts should generally remand an ambiguous award for clarification."). Here,

---

[6] SMART-TD recognizes this Court's "exceedingly narrow" jurisdiction under the RLA. (Doc. 14-1, at 7 (citing cases).)

the Court cannot say that either of the Awards is truly unambiguous. For this reason, this matter is remanded to the Board for further interpretation of the Awards.

## CONCLUSION

For all the aforementioned reasons, Norfolk Southern Railway Company's Motion for Summary Judgment or Remand (Doc. 13) is GRANTED IN PART and DENIED IN PART. The Court grants the alternative relief of remand, but no other requested relief. SMART-TD's Motion for Summary Judgment (Doc. 14) is DENIED. This case is hereby DISMISSED and REMANDED to the Board for clarification of the Awards.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　 /s/ Patricia A. Gaughan
　　　　　　　　　　　　　　　　　PATRICIA A. GAUGHAN
　　　　　　　　　　　　　　　　　United States District Judge

Dated: 11/20/25